IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| ERIC HOUSTON, | : |  |
|---|---|---|
| Plaintiff | : |  |
| v. | : | CIVIL NO. 3:CV-12-2304 |
| WARDEN JEFF THOMAS, ET AL., | : | (Judge Munley) |
| Defendants | : |  |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| ERIC HOUSTON, | : |  |
|---|---|---|
| Plaintiff | : |  |
| v. | : | CIVIL NO. 4:CV-13-261 |
| WARDEN JEFF THOMAS, ET AL., | : | (Judge Brann) |
| Defendants | : |  |

## MEMORANDUM

April 12, 2013

**Background**

Eric Houston, an inmate presently confined at the Medical Center for Federal Prisoners, Springfield, Missouri (MCFP-Springfield) filed the initially captioned pro se civil rights complaint with Judge James Munley of this Court. Named as Defendants therein are the following officials at Houston's former place of

incarceration, United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg): Warden Jeff Thomas; Captain Entzel; Captain Taggart; Assistant Warden Wilson; and Disciplinary Hearing Officer (DHO) Jordan.

The initial Complaint is a rambling at times illegible narrative which generally asserts that Houston is being subjected to racially motivated retaliatory mistreatment including verbal threats, meritless misconduct charges, physical and mental torture, improper placement in the prison's SMU program, loss of institutional privileges, and inadequate living conditions. Houston further indicates that there was interference with his incoming and outgoing mail as the result of a conspiracy between prison officials and postal officials in Harrisburg and Scranton. However, there are no specific incidents of constitutional misconduct referenced in the Complaint. Due to the disjointed narrative set forth in the Complaint, the exact nature of Plaintiff's claims against the respective Defendants is unknown. Houston seeks injunctive relief and monetary damages.

Plaintiff then filed a second action which as was assigned to the undersigned. Named as Defendants in Plaintiff's second action, Houston, Civil Action No. 4:CV-13-261, are Warden Thomas, DHO Jordan and the entire USP-Lewisburg administration . Once again the Complaint is a rambling at times illegible narrative. Houston raises similar vague contentions of being the object of a conspiracy which

subjected him to racially motivated mistreatment, including loss of institutional privileges, mail interference meritless disciplinary charges, and verbal threats. It is again unclear as to when or how the alleged mistreatment occurred. The Complaint also lacks specifics as whether any of the named Defendants participated in that alleged mistreatment. It is also noted that the caption of Plaintiff's latest complaint indicates that it is being submitted as an amendment to Civil Action No. 3:CV-12-2304.

For the reasons outlined below, this Court will direct that the above cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter will proceed under <u>Houston</u>, Civil Action No. 3:CV-12-2304, which was the initially filed complaint.

### Discussion

Rule 42 (a) of the Federal Rules of Civil Procedure states:

(a) **Consolidation**. If actions before the court involve a common question of law or fact, the court may:

    (1)   join for hearing or trial any or all matters at issue;
    (2)   consolidate the actions; or
    (3)   issue any other orders to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Both complaints are set forth in a disjointed at times indiscernible manner which lack adequate factual detail. Despite those deficiencies, it is apparent the facts

3

set forth in each of the above described Complaints are similar in almost all respects. As noted earlier, the arguments set forth in the respective actions similarly claim that Houston was subjected to racially motivated retaliatory mistreatment, including mail interference by the USP-Lewisburg staff. Moreover, the caption of his latest complaint indicates that it is being filed as an amendment or supplement to his prior action.

Consequently, since the above described actions contain common factors of law and fact, this Court will order the consolidation of Houston's latest complaint into his earlier action pursuant to Rule 42(a) and will proceed with the consolidated matter under Plaintiff's initially filed action, Civil Action No. 3:CV-12-910.

**IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court is directed to **CONSOLIDATE** Houston v. Thomas, et al., Civil No. 4:CV-13-261 into Houston v. Thomas, et al., Civil No. 3:CV-12-2304.

2. The Clerk of Court is directed to **CLOSE** the case of Houston v. Thomas, et al., Civil No. 4:CV-13-261.

s/Matthew W. Brann
MATTHEW W. BRANN
United States District Judge